Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCCO LEO GAGLIOTI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MAKEMAKE ENTERTAINMENT INC., a California corporation; NUYORICAN PRODUCTIONS, INC., a California corporation; NETFLIX, INC., a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et. seq.*);<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Plaintiff ROCCO LEO GAGLIOTI, by and through his attorneys Doniger / Burroughs, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Rocco Leo Gaglioti ("Gaglioti") is a well-known television director, writer, producer and host, currently residing in this District.

5. Plaintiff is informed and believes and thereon alleges that MAKEMAKE ENTERTAINMENT, INC. ("MakeMake") is a California corporation with its principal place of business at 30856 Agoura Road, Agoura Hills, California. Plaintiff further alleges that this entity does substantial business in Los Angeles and this District.

6. Plaintiff is informed and believes and thereon alleges that NUYORICAN PRODUCTIONS, INC. ("Nuyorican") is a California limited liability company with its principal place of business located at 10100 Santa Monica Blvd. #1700, Los Angeles, California.

7. Plaintiff is informed and believes and thereon alleges that NETFLIX, INC. ("Netflix"), is a Delaware corporation with its principal place of business located at 100 Winchester Circle, Los Gatos, California 95032. Plaintiff further alleges that this entity does substantial business in Los Angeles.

8. Plaintiff is informed and believes and thereon alleges that Defendants Does 1 through 10 (collectively with MakeMake, Nuyorican, Netflix, "Defendants"),

inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of the Does 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Does 1-10 by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FACTUAL BACKGROUND

10. Plaintiff is founder of FNL Network, which is a fashion news and lifestyle network that goes backstage at all the major fashion weeks around the globe and offers other shows featuring a combination of fashion, film, travel, beauty, and reality television. Gaglioti is frequently featured as a host on the networks most popular television show "Fashion News Live," which covers and provides commentary on the most influential and high-profile fashion and entertainment events.

11. Gaglioti produces all original television shows featured on the FNL Network and Gaglioti owns all rights to and in video featured thereon and at issue herein (the "Subject Recording"). The Subject Recording consists of Gaglioti hosting an event, which has been registered with the United States Copyright Office.

12. On or about June 8, 2022, Defendants released a documentary titled "*Halftime*" featuring the Subject Recording without Plaintiff's consent or authorization.

13. On or about May 24, 2023, Plaintiff informed Defendants of their infringing conduct and Defendant's failed to meaningfully respond.

14. Defendants, and each of them, have infringed and continue to infringe Plaintiff's copyrighted work by (and without Plaintiff's permission) producing, distributing, promoting, and streaming their film "*Halftime*."

15. Defendants appropriated without authorization substantial portions of Plaintiff's copyrighted work throughout the promotion, distribution, and streaming of "*Halftime*" (such portions referred to herein as "Infringing Recording"). For instance, the Infringing Recording was featured in the film, screenings at film festivals throughout the United States and abroad and streaming on Netflix.

16. In each instance, the Infringing Recording in "*Halftime*" is identical or virtually identical to Plaintiff's Subject Recording or is a slightly modified derivative of said work.

17. Plaintiff is informed and believes, and thereupon alleges, that "*Halftime*" has been a commercial success for Defendants, including as a means of driving revenues, awareness, and subscriber growth for Netflix and the other Defendants.

18. Plaintiff is informed and believes, and now alleges, that Defendants yielded substantial revenue from their production, distribution, and streaming of "*Halftime*," including by way of subscriber payments and licensing and production and performance and carriage fees.

19. Plaintiff is informed and believes, and now alleges that Defendants' conduct was willful, given the substantial breadth of Defendants' infringement, the lack of obtainment of a license or other transfer, and the continued exploitation of

Plaintiff's work after notice that Plaintiff owned the work and objected to its exploitation without consent.

20. Plaintiff notified Defendants of his allegations of infringement, and despite notice of Plaintiff's claims, Defendants failed to meaningfully respond and moved forward with the unauthorized use and continues its broadcast, stream, display, promotion, and distribution of "*Halftime*" and the Infringing Recording.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement—Against All Defendants, and Each)**

21. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

22. Plaintiff is informed and believes and now alleges that Defendants, and each of them, had access to Plaintiff's copyrighted audio works.

23. Plaintiff is informed and believes and now alleges that, without Plaintiff's authorization, Defendants, and each of them, distributed, marketed, and published "Halftime" bearing Infringing Recording that is identical to, or substantially similar to, excerpts from or complete copies of Plaintiff's works.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating "*Halftime*" and then marketing, distributing, and publishing it to the public.

25. Defendants, and each of them, infringed Plaintiff's rights by extracting the recording from Plaintiff's works, incorporating it into "*Halftime*" and its promotional materials, and then publishing it without Plaintiff's authorization or consent. The use of Plaintiff's copyrighted material is crucial to the film's narrative by providing first-hand and contemporaneous insight into Jennifer Lopez's career and performances, such as her halftime performance at the Superbowl.

26. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered actual, general, and special damages in an amount to be established at trial, including but not limited to a reasonable license fee for Defendants' use of the works.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in Plaintiff's copyrighted works. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringements of his rights in the works in an amount to be established at trial.

28. Plaintiff is informed and believes and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

**(Vicarious and/or Contributory Copyright Infringement—Against All Defendants)**

29. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

30. Plaintiff is informed and believes and now alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction, distribution, and publication of "*Halftime*" as alleged above. Specifically, the producers and distributors of the film (MakeMake, Nuyorican, and/or Netflix) underwrote and participated in the illegal copying during the creation of "*Halftime*." Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the "*Halftime*."

31. Plaintiff is informed and believes and now alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant involved in the infringement had the ability to oversee the publication and distribution of the infringing uses. And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the "*Halftime*" featuring the Infringing Recording.

32. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

33. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in his copyrighted works. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in his copyrighted works in an amount to be established at trial.

34. Plaintiff is informed and believes and now alleges that Defendants', and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

### PRAYER FOR RELIEF

*(Against All Defendants)*

With Respect to Each Claim for Relief, Plaintiff demands judgment against Defendants as follows:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to Plaintiff's copyrighted works;

b. Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from further infringing Plaintiff's copyrights in and to Plaintiff's copyrighted works;

c. For a constructive trust to be entered over any scenes, recordings, reproductions, files, and other material in connection with the infringing project at issue and all revenues resulting from the exploitation of same, for the benefit of Plaintiff;

d. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

e. That Defendants pay damages equal to Plaintiff's actual damages and lost profits;

f. That Plaintiff be awarded statutory damages and attorneys' fees as allowed by law;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

j. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                                                Respectfully Submitted,

Dated: March 19, 2024        By:        */s/ Scott Alan Burroughs*
                                                               Scott Alan Burroughs, Esq.
                                                               Frank R. Trechsel, Esq.
                                                               DONIGER / BURROUGHS
                                                               *Attorneys for Plaintiff*